EXHIBIT A



Date: 8/2/18
Time: 3:00 PM
Initials: [illegible]

# IN THE 43RD JUDICIAL CIRCUIT COURT, CLINTON COUNTY, MISSOURI

| Judge or Division: | Case Number: 18CN-CC00052 |
|---|---|
| R BRENT ELLIOTT | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: |
| MICHAEL PERRY | CHARLES JASON BROWN |
| vs. | 301 S US HIGHWAY 169 |
| | GOWER, MO 64454-9116 |
| Defendant/Respondent: | Court Address: |
| BACKGROUNDCHECKS.COM | 207 NORTH MAIN |
| Nature of Suit: | PLATTSBURG, MO 64477 |
| CC Other Miscellaneous Actions | |

FILED
8/2/2018
MOLLY LIVINGSTON
CIRCUIT CLERK
EX-OFFICIO RECORDER
CLINTON CO, MO

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: BACKGROUNDCHECKS.COM
Alias:
12770 COIT ROAD, #1150
DALLAS, TX 75251

**COURT SEAL OF**
**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

08/02/2018 _____ Molly Livingston _____ Circuit Clerk
Date                                                            Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                     ☐ the judge of the court of which affiant is an officer.
(Seal)                ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                     (use for out-of-state officer)
                     ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees, if applicable**
Summons     $ _____
Non Est     $ _____
Mileage     $ _____ ( _____ miles @ $ _____ per mile)
Total       $ _____

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 18-SMOS-20    1 of 2    (18CN-CC00052)    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Case 5:18-cv-06131-SRB   Document 1-1   Filed 08/31/18   Page 2 of 14

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 5:18-cv-06131-SRB   Document 1-1   Filed 08/31/18   Page 3 of 14

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **MICHAEL PERRY,**<br>Individually And On Behalf Of<br>All Others,<br>    Plaintiff,<br><br>vs.<br><br>**BACKGROUNDCHECKS.COM**<br>12770 Coit Road, #1150<br>Dallas, TX 75251<br>    Defendant. | )<br>)<br>)<br>)<br>) Case No.:<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

### PETITION

**COMES NOW** the Plaintiff, Michael Perry, brings the following class action against Defendant, backgroundchecks.com, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1. Defendant is a consumer reporting agency (as a "consumer reporting agency" is defined pursuant to the FCRA).

2. Defendant provided a consumer report concerning the Plaintiff to KB Plumbing, Heating & Cooling, Inc. (hereinafter "KB Plumbing") in or about June 2018.

3. Plaintiff brings this action against Defendant for violations of the FCRA.

4. Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

### PARTIES

5. Plaintiff Perry is a resident of Kansas City, Missouri.

6. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

7. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

8. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(1).

## FACTUAL ALLEGATIONS

9. The report provided by the Defendant to KB Plumbing contained adverse information concerning the Plaintiff.

10. The report provided by the Defendant to KB Plumbing contained inaccurate and misleading information concerning the Plaintiff.

11. The inaccuracies contained in the Defendant's report concerning the Plaintiff threaten his livelihood.

12. Based on information and belief, KB Plumbing took adverse action against the Plaintiff based, in whole or in part, on information contained in the consumer report produced by the Defendant.

13. Prior to producing the consumer report concerning the Plaintiff, the Defendant should have obtained a certification from KB Plumbing as mandated by 15 U.S.C. §1681b(b)(1).

14. The certification required by 15 U.S.C. §1681b(b)(1) addresses the disclosure requirements an employer must provide a consumer before a consumer reporting agency may provide them with a consumer report.

15. The certification required by 15 U.S.C. §1681b(b)(1) also addresses the requirements an employer must take prior to taking an adverse action based, in whole or in part, on information contained within a consumer report.

16. The consumer report issued by the Defendant contains the following language: "You certified that you were ordering this report as an end-user for the evaluation of the subject of the report for employment, promotion, reassignment or retention as an employee (which could including contractors, agents, and volunteers).

17. Based on KB Plumbing's failure to abide by the requirements of the FCRA and the Defendant's inclusion of the certification made by KB Plumbing, it is believed that the Defendant may have failed to obtain a proper 15 U.S.C. §1681b(b)(1) certification prior to providing a consumer report concerning the Plaintiff.

18. Defendant's process of identifying criminal records is misleading and inaccurate.

19. Defendant's report artificially and improperly inflates the perceived number of criminal convictions against the Plaintiff.

20. On information and belief, an individual who appears to be associated with a greater number of criminal convictions than he/she has is given less opportunity for employment than a similarly situated individual that has fewer criminal convictions.

21. The consumer report produced by the Defendant includes information about charges that were closed over seven years before the consumer report was provided to KB Plumbing.

22. Defendant's report includes information about closed charges that should not be in the consumer report.

23. Defendant's report includes information about closed charges that are inaccurate, misleading, incomplete, not up to date, and adverse.

24. The manner in which the Defendant includes information in the consumer report

is duplicative and is detrimental to the Plaintiff and others.

25. The consumer report produced by the Defendant includes information that the Plaintiff uses or has been known as James Hamilton.

26. The Plaintiff does not and has never used the name James Hamilton or been known as James Hamilton.

27. The consumer report produced by the Defendant contains items of information which are matters of public record and likely to have an adverse affect on the Plaintiff's ability to obtain employment that are not complete and up to date.

28. The Defendant does not send out notice that adverse public information is being conveyed at the time the end-user receives the information.

29. On information and belief, the Defendant obtains alias and address information concerning the subject of the consumer report from third parties.

30. On information and belief, the Defendant does not independently verify all information regarding the alleged aliases or AKA names provided in its reports.

31. At the time the Defendant produced the report concerning the Plaintiff, it did not know whether the Plaintiff had used the alias James Hamilton.

32. The manner in which the Defendant provides a lias and AKA names is detrimental to the Plaintiff and other class members.

33. The manner in which the Defendant identified and/or formatted information in the Plaintiff's consumer report is consistent with its policies and procedures.

34. The manner in which the Defendant reports adverse information on consumers is knowingly inadequate.

35. Defendant is aware of the FCRA.

36. Defendant has knowledge that it must comply with the FCRA.

37. Defendant is required to prepare all consumer reports in accordance with the FCRA.

38. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

40. Plaintiff asserts the following classes:

   **1681e(b) Record Class:** All individuals who were the subject of one or more consumer reports in which the Defendant included records that are duplicative, incomplete, misleading, and/or inaccurate from July 6, 2016, through the conclusion of this matter.

   **1681c Record Class:** All individuals who were the subject of one or more consumer reports in which the Defendant included items of adverse information that were not records of convictions of crimes which antedate the report by more than seven (7) years from July 6, 2016, through the conclusion of this matter.

   **1681k Class:** All individuals who were the subject of one or more consumer reports in which the Defendant reported public record information without giving contemporaneous notice as required by 15 U.S.C. §1681k(a)(1) or maintaining strict procedures as required by 15 U.S.C. §1681k(a)(2) from July 6, 2016, through the conclusion of this matter.

### Numerosity

41. The proposed classes are so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate. Defenadant regularly includes information that is duplicative,

incomplete, misleading and/or inaccurate. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

**Common Questions of Law and Fact**

42. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the class is:

   a. Whether Defendant complies with 1681e and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

   b. Whether Defendant complies with 1681c and excludes adverse items of information, other than records of convictions, that antedate the report by more than seven years;

   c. Whether Defendant's violations of the FCRA were willful;

   d. The proper measure of statutory damages and punitive damages; and

**Typicality**

43. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

44. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are

antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is American to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

45. This case is maintainable as a class action under Rule 52(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

46. This case is maintainable as a class action under Rule 52(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

47. Class certification is also appropriate under Rule 52(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is American to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common

and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

48. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 52. The names and address of the Putative Class members are available from Defendant's records.

## VIOLATIONS OF THE FCRA

49. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

50. Defendant utilizes an imprecise reporting format that inaccurately identifies information concerning the Plaintiff and other consumers.

51. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

52. Defendant's actions were negligent, reckless, and willful.

53. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA. Defendant's negligent, reckless,

and/or willful conduct is reflected by, among other things, the following facts:

    a.     Defendant has access to legal advice;

    b.     Defendant produced a consumer report on the Plaintiff that contained information that was misleading, incomplete, duplicative, and inaccurate;

    c.     Defendant produced a consumer report that knowingly contained the same information multiple times within the same report;

    d.     Defendant included information in the Plaintiff's consumer report that clearly violate the provisions of the FCRA; and

    e.     Defendant failed to abide by the FCRA.

54. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

55. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

56. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

### Negligence Per Se

57. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

58. The Defendant violated the provisions of the FCRA.

59. The FCRA is a consumer protection statute designed to protect the privacy of individuals and ensure accurate consumer reporting.

60. Plaintiff is a consumer designed to be protected by the FCRA.

61. The Defendant's failure to use reasonable procedures to assure maximum possible accuracy violated the FCRA.

62. The Defendant's failure to correctly report information regarding the Plaintiff violates the FCRA.

63. A consumer reporting agency's reporting of inaccurate information because it failed to use reasonable procedures to assure maximum possible accuracy is one of the purposes the FCRA was designed to protect against.

64. A consumer reporting agency's reporting of time barred adverse information is one of the purposes the FCRA was designed to protect against.

65. Defendant's violation of the FCRA has injured the Plaintiff.

66. Defendant's violation of the FCRA is the cause of Plaintiff's injury.

67. Defendant's failure to abide by the FCRA's mandates violates the company's legal duty.

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

   d. Order finding that Defendant committed multiple, separate violations of the FCRA;

   e. Order finding that Defendant acted negligently, recklessly, and/or willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations

of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order finding that the Defendant breached the implied contract with the Plaintiff and other class members;

i. Order granting other and further relief, in law or equity, as allowed by law and as this Court may deem appropriate and just.

j. Order finding that the Plaintiff has made a submissible case of negligence per se and order all appropriate damages, attorneys' fees and costs, and all other relief allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF